UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VONELL LAVELL SHAW,

                Petitioner,

v.                                                          Case No. 25-cv-0494-bhl

CHRISTOPHER STEVENS,

                Respondent.

## ORDER

On April 3, 2025, Petitioner Vonell Lavell Shaw filed a petition for writ of habeas corpus under 28 U.S.C. §2254 along with a motion for leave to proceed without prepayment of the filing fee. (ECF Nos. 1 & 2.)[1] Five days later, on April 8, 2025, Shaw also filed a motion for appointment of counsel. (ECF No. 4.) This Order screens Shaw's petition and denies his motion to appoint counsel.

### SCREENING THE PETITION

Rule 4 of the Rules Governing §2254 Cases requires the Court to screen Shaw's petition. Under the rule:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

As part of the screening process, the Court examines whether the petitioner has set forth cognizable constitutional or federal law claims and tries to confirm whether those claims are timely and have been exhausted in state court.

---

[1] Shaw has no funds in his prison account, according to his trust account statement. (ECF No. 10.) Accordingly, the Court finds he lacks sufficient funds to pay the $5.00 filing fee and will allow him to proceed without prepaying the filing fee. Shaw has also filed a motion for an extension of time to file his trust account statement, (ECF No. 7), but he has since filed his trust account statement, rendering the extension moot, (*see* ECF No. 5.)

## PETITIONER'S ALLEGATIONS

On March 8, 2017, Shaw was convicted of impersonating a peace officer, burglary, third degree sexual assault, battery of an elder adult, theft, unauthorized use of an individuals' personal identifying information, and bail jumping. (ECF No. 1 at 2.) He was then sentenced to 32 years of confinement and 16 years of supervised release. (*Id.*) Shaw appealed the conviction, arguing that the trial court abused its discretion by admitting other-acts evidence to prove his identity. (*Id.* at 3.) On August 14, 2019, the Wisconsin Court of Appeals summarily affirmed his conviction. (*Id.*); *see also State v. Shaw*, 2018AP1879-CR, 2019 WL 13189404, at *4 (Wis. Ct. App. Aug 14, 2019). The Wisconsin Supreme Court denied his petition for review on December 10, 2019. (ECF No. 1 at 3); *State v. Shaw*, 938 N.W.2d 173 (Wis. Dec. 10, 2019) (unpublished table decision).

Shaw's petition asserts four grounds for relief, all based on the alleged ineffective assistance of his trial counsel. He contends that trial counsel was ineffective by failing to present evidence of his "actual innocence," failing to consult a medical expert, failing to present evidence showing the victim mistakenly identified him, and failing to challenge a juror who allegedly knew Shaw. (ECF No. 1 at 6–8.)

## ANALYSIS

Shaw cannot proceed with his habeas claims because his petition is untimely and it appears he has not exhausted his claims in state court. Unless Shaw can explain why his claims are not subject to the relevant limitations period and why his failure to exhaust should be excused, the Court will dismiss his petition.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for federal habeas corpus actions. 28 U.S.C. §2244(d)(1). This one-year limitation period applies to any habeas petition that is filed under 28 U.S.C. §2254 after the effective date of AEDPA, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 322–27 (1997). Under 28 U.S.C. §2244(d)(1)(A), Shaw was required to file his federal habeas petition within one year of the date on which his judgment "became final by the conclusion of direct review *or the expiration of the time for seeking such review.*" §2244(d)(1)(A) (emphasis added). Because Shaw did not file a petition for certiorari in the United States Supreme Court, his limitations period began to run 90 days after his direct criminal appeal in the state system concluded. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The Wisconsin Supreme Court denied his petition for review on December 10, 2019. Accordingly, Shaw's one-year statute of limitations began to run

90 days later, on March 9, 2020, and his habeas petition deadline expired on March 9, 2021. Shaw did not file his petition until April 3, 2024, a full three years after the statute of limitations expired. Shaw's petition is thus untimely.

Shaw's petition suffers from other defects as well. He has not exhausted his state court remedies. *See* 28 U.S.C. §2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). Indeed, he was alerted to the exhaustion requirement in an order dismissing a petition he filed in the Western District of Wisconsin several years ago. *See* Order, Case No. 20-cv-00240-JDP, ECF No. 6. And, given his failure to exhaust, he may have also procedurally defaulted on his claims because they should have been raised in his direct appeal. *See Gray v. Netherland*, 518 U.S. 152, 161–62 (1996) (explaining that if a state court remedy is no longer available, then the petitioner has procedurally defaulted, and the federal court cannot review the defaulted claim); *see also State v. Lo*, 665 N.W.2d 756, 767 (Wis. 2003) ("Claims that could have been raised on direct appeal . . . are barred from being raised in a subsequent [Wis. Stat. §974.06] postconviction motion absent a showing of a sufficient reason for why the claims were not [previously] raised . . . .").

While Shaw's petition for relief appears to be barred for multiple reasons, the Court will give him thirty days to address the defects raised in this screening order. It is possible (albeit unlikely) that Shaw can show that he can overcome his statute of limitations problem through equitable tolling. But equitable tolling is an "exceptional remedy" that is only available to a habeas petitioner who "shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Shaw can also use this time to explain why the exhaustion and procedural default doctrines do not bar him from obtaining habeas relief. If he does not timely respond to both issues within 30 days, or provides responses that are without merit, the Court will dismiss his petition.

## MOTION TO APPOINT COUNSEL

With his petition, Shaw seeks appointment of counsel to help him navigate the proceedings. (ECF No. 4.) He states that he is not a lawyer and, therefore, does not understand the complex issues of habeas corpus. (*Id.* at 3–4.) Because Shaw has not shown that appointment of counsel would serve the interests of justice, his request must be denied.

"The district court has discretion to appoint counsel in a habeas action." *Moreland v. Eplett*, 18 F.4th 261, 272 (7th Cir. 2021). Under the Criminal Justice Act (CJA), a petitioner

seeking habeas relief may be appointed counsel if such an appointment serves "the interests of justice" and the petitioner is "financially eligible." 18 U.S.C. §3006A(a)(2). Alternatively, counsel may be appointed in a habeas corpus proceeding under 28 U.S.C. §1915(e). When confronted with a request for counsel under that statute, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). District courts generally consider these Section 1915 factors as part of the CJA's "interests of justice" inquiry. *See Gish v. Dittmann*, 291 F. Supp. 3d 864, 876–77 (W.D. Wis. 2017); *Jones v. McCann*, No. 08-CV-442-JPG, 2008 WL 2704905, at *1 (S.D. Ill. July 9, 2008); *Leichman v. Eckstein*, No. 18-CV-1935, 2018 WL 6427896, at *1–2 (E.D. Wis. Dec. 7, 2018). The Seventh Circuit appears to have, at least implicitly, condoned this approach. *See Moreland*, 18 F.4th at 272.

Here, Shaw's financial eligibility is not in question. The Court has already concluded he cannot pay even the modest $5.00 habeas filing fee. He is, thus, financially eligible for appointment of counsel under the CJA. Shaw has not, however, shown that appointment of counsel would serve the "interests of justice." First, nothing in his motion indicates that he has ever attempted to obtain counsel. This alone is fatal. *See Pruitt*, 503 F.3d at 654–55 (noting that whether the movant has made a reasonable attempt to obtain counsel is "a threshold question"). Moreover, it is not obvious that Shaw needs counsel to successfully prosecute his case. His filings thus far evince an understanding of the legal issues involved. At this time, there is no reason to believe Shaw is incapable of litigating these claims. If the circumstances change, the Court will entertain a new motion to appoint counsel. For now, Shaw's request must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner must file a document showing cause as to why his petition should not be dismissed for untimeliness and a failure to exhaust. Shaw must file that document on or before **June 23, 2025**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel, ECF No. 4, is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Extension of Time, ECF No. 7, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on May 22, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge